IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FRED HUFFMAN, :
:
        Petitioner, :
:
v. : Civil Action No. 15-680-LPS
:
DANA METZGER, Warden, and :
ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
:
        Respondents.[1] :

## MEMORANDUM OPINION

Fred Huffman. *Pro se* Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

April 23, 2018
Wilmington, Delaware

---

[1] Warden Dana Metzger replaced former Warden David Pierce, an original party to the case. *See* Fed. R. Civ. P. 25(d).

STARK, U.S. District Judge:

## I. INTRODUCTION

Presently pending before the Court is Petitioner Fred Huffman's ("Petitioner") Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1; D.I. 4; D.I. 8) The State filed an Answer in opposition. (D.I. 17) For the reasons discussed, the Court will dismiss the Petition.

## II. BACKGROUND

Petitioner sexually molested his stepdaughter from 1990, when she was eight years old, until 1995, when she was thirteen years old. (D.I. 17 at 1-2) The stepdaughter reported Petitioner's assault to the police in November 2010. (D.I. 17 at 3) On January 26, 2012, Petitioner pled guilty to one count of second degree unlawful intercourse as a lesser included offense of first degree unlawful intercourse. (D.I. 17 at 1; *see also Huffman v. State*, 116 A.3d 1243 (Table), 2015 WL 4094234, at *3 (Del. July 6, 2015)) The Superior Court sentenced Petitioner on July 26, 2013 to twenty years at Level V incarceration, with credit for twenty-nine days served, suspended after ten years for the balance to be served at Level IV incarceration or decreasing levels of supervision. (D.I. 17 at 1) Petitioner was also required to register as a Tier 3 sex offender. (*Id.*) He did not file a direct appeal. (*Id.*)

In June 2014, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). *See Huffman*, 2015 WL 4094234, at *1. The Superior Court denied the Rule 61 motion on August 21, 2014, and the Supreme Court affirmed that decision on July 6, 2015. *See Huffman*, 2015 WL 4094234, at *4.

## III. GOVERNING LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)  (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *see also Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the court to consider the claims on their merits. *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005); *see also Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *See Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted,

such claims are nonetheless procedurally defaulted. *See Lines*, 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). In order to establish actual innocence, the petitioner must present new reliable evidence – not presented at trial – that demonstrates "it is more likely than not that no reasonable juror would have

found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537-38 (2006); *see also Sweger v. Chesney*, 294 F.3d 506, 522-24 (3d Cir. 2002).

### B. Standard of Review

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). As explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99.

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. *See* 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

4

## IV. DISCUSSION

Petitioner timely filed the § 2254 Petition presently pending before the Court, which asserts the following ten grounds for relief:[2] (1) the date of Petitioner's offense was manipulated in order to increase his statutory punishment; (2) the prosecution of Petitioner's offense was time-barred because the extension of the statute of limitations for 11 Del. Code Ann § 205 that was effected by amendment in 2003 violated the *Ex Post Facto* Clause of the Constitution; (3) the State violated the Fourteenth Amendment by improperly withdrawing a more favorable plea offer; (4) requiring Petitioner to register as a sex offender violates the Fifth and Eighth Amendments; (5) the State discriminated against Petitioner and was biased against him; (6) the State disclosed Petitioner's criminal history to his stepdaughter in violation of the Fifth, Sixth, and Eighth Amendments; (7) the Delaware Supreme Court improperly denied Petitioner's request for rehearing *en banc* on post-conviction appeal; (8) defense counsel was ineffective for failing to file a direct appeal; (9) defense counsel was ineffective for failing to permit Petitioner to review his presentence investigation report ("PSI") prior to sentencing; and (10) the Delaware Supreme Court's page limits violated Petitioner's due process rights on post-conviction appeal.

### A. Claims One and Two: Meritless

In Claims One and Two, Petitioner asserts that the State manipulated the date of his offense in order to increase his statutory punishment. More specifically, he contends that the statute of limitations began to run on April 3, 1990, the date on which the offense was officially documented in the Investigative Narrative of Officer Thomas' Police Report (D.I. 19-1 at 12), and expired in 1998, more than a decade before his stepdaughter reported the offense to the police in November

---

[2]The Petition and amendments appear to assert twelve repetitive and convoluted grounds for relief. (D.I. 1; D.I. 4; D.I. 8) However, distilling them to their core reveals that Petitioner actually asserts ten distinguishable claims, as summarized by the State in its Answer.

5

2010 (D.I. 1 at 5). Petitioner further argues that the extension of the limitations period effected by the 2003 amendment of 11 Del. Code Ann. § 205 does not save the time-barred prosecution because the 2003 amendment to § 205(e) violates the *Ex Post Facto* Clause.

Petitioner presented these Claims to the Superior Court in his Rule 61 proceeding, and the Superior Court denied them after concluding that they asserted arguments outside the scope of Rule 61. The Delaware Supreme Court affirmed the Superior Court's denial of Petitioner's Rule 61 motion, but for a different reason. *See Huffman*, 2015 WL 4094234, at *2-3. The Delaware Supreme Court interpreted Petitioner as contending that Claims One and Two should not be treated as procedurally barred under Rule 61(i)(3) because, under Rule 61(i)(5), the Superior Court lacked jurisdiction over the case in the first place. *See id.* at *2-3. The Delaware Supreme Court then denied Claims One and Two for being meritless. *See id.* at *3.

Given the Delaware Supreme Court's adjudication of Claims One and Two on the merits, Petitioner will only be entitled to habeas relief if the Delaware Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law. The Court will follow the Delaware Supreme Court's approach and address the arguments in layers.

First, the Delaware Supreme Court concluded the record demonstrated that Petitioner knew the relevant period for the offense to which he pled guilty (second degree unlawful sexual intercourse) was January 1, 1993 to December 31, 1993 and not, as he asserts, April 3, 1990. *See Huffman*, 2015 WL 4094234, at *3. Citing *Hoennicke v. State*, 13 A.3d 744 (Del. 2010), the Delaware Supreme Court explained that the version of § 205(e) in effect at the time of Petitioner's offense in 1993 permitted "prosecution of delineated sexual offenses after the expiration of the five year general limitation period if the prosecution commenced within 2 years of the initial disclosure of misconduct to an appropriate law enforcement agency." *Id.* Section 205(e) was amended in 2003

6

"to provide that a prosecution for certain sexual offenses, including Unlawful Sexual Intercourse in the Second Degree, could be commenced at any time." *Id.* Based upon the reasoning in *Hoennicke*, and given the terms of the version of § 205(e) in effect at the time of Petitioner's 1993 offense, the Delaware Supreme Court held that Petitioner's prosecution was not time-barred when § 205(e) was amended in 2003 because Petitioner's stepdaughter did not report the offense to any law enforcement agency until 2010. *Id.* Consequently, as applied to Petitioner's case, the 2003 amendment to § 205(e) did not violate the *Ex Post Facto* Clause because it simply extended the statute of limitations and did not revive a prosecution for which the statute of limitations had already expired. Given these circumstances, the Delaware Supreme Court held that Petitioner's prosecution was not time-barred and the Superior Court did not lack jurisdiction over Petitioner's case. *Id.*

After reviewing the record, the Court concludes that the Delaware Supreme Court's decision does not warrant habeas relief under § 2254(d)(1) or (2). The Delaware Supreme Court's interpretation of the Claims as alleging that the Delaware state courts lacked jurisdiction over Petitioner's case is supported by at least one of Petitioner's numerous filings in this case, wherein he asserts:

> this case was jurisdictionally barred prior to the issuance of an arrest warrant as evidenced by (1) Delaware's own statute of limitations in effect at the time of the offense as documented upon the arrest warrant which the State and Delaware's Superior and Supreme Courts opt to ignore; (2) victim's own affirmation of the offense date consistent with the arrest warrant's documented "date of offense" (hereinafter: D.O.O.). The then effective statute of limitations had expired by a period of 13 years prior to victim coming forward with said complaint. Victim's laches does [not] invalidate ex post facto time-bar!

(D.I. 46 at 2)

Next, the Delaware Supreme Court's conclusion that Petitioner knew the relevant period for the offense to which he pled guilty was January 1, 1993 to December 31, 1993 and not, as he asserts, April 3, 1990, was a reasonable determination of the facts based on the evidence presented. Petitioner's indictment alleged that Petitioner sexually assaulted his stepdaughter between January 1991 and December 1995, when the stepdaughter was less than sixteen years old. Petitioner pled guilty to a charge that he engaged in sexual intercourse with the stepdaughter without her consent "[o]n or between January 1 and December 31, 1993." (D.I. 19-1 at 37) The State entered a *nolle prosequi* on eleven other charges dating from 1991 to 1995. (D.I. 19-1 at 22-26) The Delaware Supreme Court reasonably determined that the relevant period for Petitioner's "statute of limitations"/*Ex Post Facto* argument was January 1, 1993 to December 31, 1993. *See* § 2254(d)(2). This determination by the Delaware Supreme Court constituted an implicit rejection of Petitioner's contention that the date of his offense was manipulated in order to increase his statutory punishment.

The next issue is whether the Delaware Supreme Court's rejection of Petitioner's *Ex Post Facto* Clause challenge to the application of the extended limitations period effected by the 2003 amendment to § 205(e) to his case was either contrary to, or an unreasonable application of, clearly established Federal law. The Supreme Court precedent governing claims involving the intersection between the *Ex Post Facto* Clause and state statutes of limitations is *Stogner v. California*, 539 U.S. 607 (2003). In *Stogner*, the Supreme Court held that "a law enacted after the expiration of a previously applicable limitations period violates the *Ex Post Facto* Clause when it is applied to revive a previously time-barred prosecution." *Id.* at 632. The Supreme Court stated that its holding did not affect extensions of unexpired statutes of limitations. *See id.* ("[T]o hold that such a law [reviving a

time-barred prosecution] is ex post facto does not prevent the State from extending time limits for the prosecution of future offenses, or for prosecutions not yet time barred.").

In Petitioner's post-conviction appeal, the Delaware Supreme Court cited *Hoennicke v. State*, which, in turn, cited *Stogner*. Therefore, the Delaware Supreme Court's decision was not contrary to clearly established federal law.

The Delaware Supreme Court's decision also did not involve an unreasonable application of clearly established federal law. Pursuant to the reasoning in *Stogner*, extending an unexpired statute of limitations does not violate the *Ex Post Facto* Clause. As previously explained, since Petitioner's stepdaughter did not disclose the offense to the police until 2010, the statute of limitations for Petitioner's offense had not expired when the limitations period was extended under the 2003 amendment to § 205(e). Therefore, the Delaware Supreme Court's rejection of Petitioner's *Ex Post Facto* challenge to the 2003 amendment of § 205(e) did not involve an objectively unreasonable application of *Stogner*. In addition, having concluded that there was no *Ex Post Facto* Clause violation, the Court is bound by the Delaware Supreme Court's determination that the State's prosecution of Petitioner was timely under state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). For all of these reasons, the Court will deny Claims One and Two for failing to satisfy § 2254(d).

### B. Claims Three, Four, Five, Six, Eight, and Nine: Procedurally Barred

Petitioner presented Claims Three, Four, Five, and Six to the Delaware Supreme Court on post-conviction appeal. The Delaware Supreme Court denied Claims Three and Five as procedurally barred under Rule 61(i)(3) because Petitioner could have, but did not, raise them on direct appeal. By denying Claims Three and Five under Rule 61(i)(3), the Delaware Supreme Court articulated a "plain statement" under *Harris v. Reed*, 489 U.S. 255, 263-4 (1984), that its decision rested on state law. Given these circumstances, Claims Three and Five are procedurally defaulted.

9

The Delaware Supreme Court denied Claims Four and Six for failing to present issues that were cognizable or reviewable under Rule 61, because they did not seek to set aside Petitioner's judgment of conviction. (D.I. 19-9 at 1-3) Since Petitioner did not present these two arguments in a procedural manner allowing the Delaware courts to consider them on the merits, the Claims are unexhausted. In addition, the record reveals that Petitioner did not present Claims Eight and Nine[3] to the Delaware Supreme Court on post-conviction appeal, which means that these two claims are also unexhausted. Any attempt by Petitioner to raise Claims Four, Six, Eight, and Nine in a new Rule 61 motion would be barred as untimely under Delaware Superior Court Criminal Rule 61(i)(1). *See Folks v. Phelps*, 2009 WL 498008, at *12 (D. De. Feb. 26, 2009). Consequently, the Court must treat these four Claims are technically exhausted but procedurally defaulted.

To reiterate, Claims Three, Four, Five, Six, Eight, and Nine are all procedurally defaulted, meaning that the Court cannot review the merits of the Claims absent a showing of cause and prejudice, or that a miscarriage of justice will result absent such review. Liberally construing Petitioner's repetitive and somewhat confusing filings, he appears to blame defense counsel's failure

---

[3]Claim Eight asserts that plea counsel was ineffective for failing to file a direct appeal, and Claim Nine asserts that plea counsel was ineffective for failing to provide Petitioner time to review his presentence investigation report prior to sentencing. (D.I. 8-1 at 13, 26) The State correctly notes that Petitioner did not present any ineffective assistance of counsel claim to the Delaware Supreme Court on post-conviction appeal. (D.I. 17 at 6) However, the State asserts that Petitioner presented Claim Nine on post-conviction appeal, although it was not cognizable because it did not seek to set aside Petitioner's judgment of conviction. (*Id.*) In the Delaware Supreme Court's decision affirming the denial of Petitioner's Rule 61 motion, the Delaware Supreme Court refers to one of Petitioner's arguments as asserting he was "denied his right under Superior Court Criminal Rule 32(c)(3) to review the PSI report seven days before sentencing. This claim is outside the scope of Rule 61." *Huffman*, 2015 WL 4094234, at *4. These circumstances suggest that the State inadvertently viewed Claim Nine as the same PSI claim that was raised on post-conviction appeal, which is understandable, given Petitioner's somewhat convoluted and repetitive filings. Regardless, whether treated as an unexhausted ineffective assistance of counsel claim, or a non-cognizable claim under Rule 61, the result is the same: Claim Nine is procedurally defaulted.

to file a direct appeal as cause for his procedural default of the six Claims. However, Petitioner never presented an ineffective assistance of counsel claim complaining about defense counsel's failure to file a direct appeal in his state collateral proceeding or in his subsequent post-conviction appeal. Consequently, this ineffective assistance of counsel allegation is itself procedurally defaulted,[4] and cannot excuse petitioner's procedural default of Claims Three, Four, Five, Six, Eight, and Nine. *See Edwards*, 529 U.S. at 453-54.

In the absence of cause, the Court does not need to address prejudice. Additionally, the miscarriage of justice exception does not excuse Petitioner's procedural default, because he has not provided any new reliable evidence of his actual innocence. Accordingly, the Court will deny Claims Three, Four, Five, Six, Eight, and Nine as procedurally barred.

### C. Claims Seven and Ten: Non-Cognizable

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations of state law issues. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("State courts are the ultimate expositors of state law."); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that claims based on errors of state law are not cognizable on habeas review). In addition, allegations of error in state collateral proceedings, even when couched in terms of "due process," are not cognizable on federal habeas review, because "the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state . . . proceeding that actually led to the petitioner's conviction." *Hassine v. Zimmerman*, 160

---

[4]*See* Del. Super. Ct. Crim. Rule 61(i)(2).

F.3d 941, 954 (3d Cir. 1998) ("[W]hat occurred in the petitioner's *collateral* proceeding does not enter in to the habeas calculation.") (emphasis in original).

In Claim Seven, Petitioner asserts that the Delaware Supreme Court improperly denied his request for rehearing *en banc* when it affirmed the Superior Court's denial of his Rule 61 motion. In Claim Ten, Petitioner contends that the Delaware Supreme Court's page limits violated his due process rights during his post-conviction appeal. Both of these Claims challenge the decisions in Petitioner's collateral proceedings rather than what happened in his original criminal proceeding. Therefore, the Court will deny Claims Seven and Ten for failing to raise issues cognizable on federal habeas review.

## V. PENDING MOTIONS

Petitioner filed numerous motions during the pendency of this proceeding, two of which are still pending: (1) Motion to Adjudicate (D.I. 49); and (2) Motion for Summary Judgment (D.I. 50). Having concluded that it must deny the instant Petition in its entirety, the Court will deny the two Motions as moot. (D.I. 49; D.I. 50)

## VI. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition does not warrant relief. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## VII. CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be denied. An appropriate Order will be entered.